UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRUCE THURMOND, <br> d/b/a Oak Grove Shooting Supplies, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES DEPARTMENT <br> OF JUSTICE, BUREAU OF ALCOHOL, <br> TOBACCO, FIREARMS, and EXPLOSIVES, <br><br> Respondent. | Case No. 4:13-CV-2290 (CEJ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion for summary judgment by respondent, the United States Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), pursuant to Fed.R.Civ.P 56. Petitioner, Bruce Thurmond, did not respond to respondent's motion, and the time allotted to do so has expired.[1]

**I.   Background[2]**

Petitioner is the owner and sole proprietor of Oak Grove Shooting Supplies located in Sullivan, Missouri. ATF issued a federal firearms license to petitioner, authorizing him to engage in business as a dealer in firearms other than destructive devices, pursuant to Chapter 44, Title 18, United States Code, also called the Gun Control Act (GCA). Between May 3, 2011 and April 3, 2012, ATF conducted an inspection of the licensed premises. The inspection resulted in a Report of Violations

---

[1] Petitioner did send respondent a letter, docketed as Doc. #10-1, after respondent filed its motion for summary judgment.

[2] This statement of facts summarizes those contained in respondent's Statement of Material Undisputed Facts. These facts were not specifically disputed by petitioner and, therefore, are deemed admitted. Fed.R.Civ.P. 56(e)(2); E.D. Mo. L.R. 4.01 (E).

dated April 3, 2012, listing the following nine violations of the Gun Control Act and regulations issued thereunder: (1) failure to account for six firearms shipped to the premises; (2) failing to log the receipt of 73 firearms in the licensee's acquisitions and disposition book (A&D book); (3) failing to log complete address information for all acquisitions and dispositions in the A&D Book; (4) failing to obtain or record identification information on ATF Form 4473 on 145 occasions; (5) failing to record the correct date of actual transfer of a firearm on 23 occasions; (6) failing to conduct a National Instant Criminal Background Check (NICS) on 29 occasions; (7) transferring four firearms to a prohibited person on two occasions; (8) falsely adding firearms to ATF Forms 4473 that were not actually sold on the dates listed on the forms on 16 occasions; and (9) falsely informing ATF that he did not have tracing information on a firearm that was subsequently found in the licensee's A&D book with a record of sale in 2008.  See *Report of Violations, Resp. Ex. C* [Doc. #9-3].

On January 2, 2013, ATF issued petitioner a Notice of Revocation of License based on petitioner's willful violations of the GCA, in accordance with 18 U.S.C. §923(e).  On June 18, 2013, ATF held a revocation hearing addressing the violations, at which petitioner and ATF Senior Investigator Giselle Rucker testified.  See *Hearing Transcript, Resp. Ex. A* [Doc. #9-1].  The Hearing Officer concluded that petitioner had wilfully committed the violations, and remarked that the "most serious violation" was petitioner's falsification of ATF forms to explain to the ATF Investigator where certain unaccounted-for firearms had been transferred.  *Resp. Ex. B* [Doc. #9-2].  The ATF issued a Final Notice of Revocation of petitioner's firearms license on August 29, 2013.  *Resp. Ex. D* [Doc. #9-4].

Petitioner now seeks to challenge the agency's decision. His *pro se* complaint accuses the ATF of conducting a criminal conspiracy to revoke his license "just because every 'I' isn't dotted and every 'T' isn't crossed." *Complaint* [Doc. # 2, p. 8]. The Court liberally construes the complaint as asserting a claim under 18 U.S.C. § 923(f)(3) for *de novo* judicial review of the agency's adverse decision.

**II. Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

**III. Discussion**

The Gun Control Act provides that, after notice and opportunity for a hearing, the Attorney General or his delegate may revoke a federal firearms license if the licensee has willfully violated any provision of that law, or any rule or regulation

prescribed thereunder.  18 U.S.C. § 923(e).  Upon revocation, the licensee may request a hearing pursuant to 18 U.S.C. § 923(f)(2).  If the revocation is upheld, the licensee may then seek *de novo* judicial review under 18 U.S.C. § 923(f)(3).  A court may grant summary judgment on the basis of the administrative record, without conducting an evidentiary hearing, if no issues are left unresolved in the administrative proceedings.  Cucchiara v. Sec'y of the Treasury, 652 F.2d 28, 30 n.1 (9th Cir. 1981), *cert. denied*, 455 U.S. 948 (1982); Fin & Feather Sport Shop, Inc. v. United States Treasury Dep't, 481 F.Supp. 800, 807 (D.Neb. 1979) ("[S]ummary judgment is available under Section 923(f)(3)....").

Respondent argues that it is entitled to summary judgment on the basis of the administrative record, because the undisputed facts show that petitioner willfully violated provisions of the GCA and ATF's regulations.  Those regulations require that a licensee timely record the acquisition and disposition of firearms,[3] verify the identification of purchasers,[4] and conduct background checks prior to the transfer of firearms.[5]  The licensee is forbidden from transferring firearms to ineligible purchasers,[6] and from knowingly entering false information in the records required by the GCA.[7]

A licensee commits a violation "willfully" when he knows the legal requirements and purposefully disregards them or is plainly indifferent to those obligations.  See On Target Sporting Goods, Inc. v. Attorney General of the United States, 472 F.3d 572,

---

[3] See 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e).

[4] See 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(I).

[5] See 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(iv); § 478.102(a).

[6] See 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.99(c)(1).

[7] See 18 U.S.C. § 922(m) and 27 C.F.R. § 478.121.

575 (8th Cir. 2007) (citing Lewin v. Blumenthal, 590 F.2d 268, 269 (8th Cir. 1979)). The government is not required to show that the licensee committed the violation with any bad purpose. Id. Nor is the government required to show multiple violations - even a single willful violation can trigger ATF's power of revocation. See Gun Shop, LLC. v. United States Dep't of Justice, No. 4:10-cv-1459 (MLM), 2011 WL 2214671, at *6 (E.D. Mo. June 3, 2011) (citing American Arms Int'l v. Herbert, 563 F.3d 78, 86 (4th Cir. 2009)).

It is undisputed that petitioner committed the alleged violations. In his testimony at the administrative hearing, petitioner admitted that he failed to keep records as required by law. See *Resp. Ex. A* [Doc. #9-1] at p. 16; 19; 30-33. A review of the record shows that petitioner transferred guns to ineligible purchasers, without first completing background checks, and without obtaining full identification. Petitioner failed to fully record the acquisition and disposition of firearms in the A&D book. He also failed to complete ATF forms identifying purchasers, and then falsified these forms in an attempt to explain to the ATF Investigator where unaccounted-for firearms were transferred. Petitioner admitted that "I've made mistakes in making, keeping records in here. I'll admit it. I'll admit I fouled up, I screwed up on account of I should have kept better records." Id. at 31-32.

The undisputed evidence also demonstrates that petitioner knew of the legal requirements. He was aware of, and had complied with, the requirements in the past. The number of violations committed demonstrates purposeful disregard of, or clear indifference to, those requirements. In particular, petitioner's act of inscribing false information on ATF forms was plainly willful. At the administrative hearing, petitioner suggested that his mistakes were *de minimus*. He stated that, "I've been in this

business a long time, and I really don't feel that I've done enough stuff for me to get a license took away from me...." Resp. Ex. A [Doc. #9-1] at 31. However, "the GCA does not provide a dispensation for 'minor' errors. The statute requires only a violation of *any* rule or regulation for revocation." Gun Shop, LLC, 2011 WL 2214671, at *10. Petitioner also suggested that his license should not be revoked because he now complies with all regulations. However, "after-the-fact efforts to correct the specific violations... are irrelevant to the issue of willfulness at the time the errors occurred. Although [petitioner] exhibited willingness to remedy errors, the standard for revocation under the GCA considers only errors themselves and not the stores' post hoc modifications." Id.; see also Cucchiara, 652 F.2d at 30 ("The fact that [petitioner] spent a great deal of money trying to correct his faulty recordkeeping system, after the violations... is immaterial to the question of willfulness at the time the violations occurred.").

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion for summary judgment [Doc. #8] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2014.